Davenport Savings Bank, Appellee, v. Chicago, Rock Island & Pacific R. Co. et al., Appellants.

EVIDENCE: Relevancy, Materiality and Competency—Res Adjudicata—Files and Order of Court. On the issue whether plaintiff's claim had been already adjudicated in a proceeding in bankruptcy, the files and order of the bankruptcy court are relevant and material.

CONTINUANCE: Surprise at Trial—Faulty Authentication of Exhibit—Time to Correct. It is error for the court, notwithstanding its wide discretion, to refuse a reasonable continuance in order to enable counsel to correct the omission of the word "certify" in a certification of authentication to exhibits offered, (a) when such

omission was not discovered until after the opposing party had moved for a directed verdict, and (b) *when the facts in the case were not in dispute and presented a law question only.*

**TRIAL: Reception of Evidence—Withdrawal.** Evidence material on issues raised by the non-introducing party may not be withdrawn against the protest of such party.

**CARRIERS: Bill of Lading—Delivery to Right Party Without Bill of Lading—Effect.** Delivery of goods by a carrier to the right party,—to the one holding paramount title,—*even without the production of the bill of lading,* is a complete defense to an action for conversion. So *held* where the delivery was made to a bankrupt consignee, the title of the holder of the bill of lading resting on an unlawful preference under the Bankruptcy Act.

> PRINCIPLE APPLIED: A dealer, on April 6th, shipped two automobiles, and, to a bill of lading, indorsed in blank and naming himself as consignee, he attached a draft and delivered the same to a bank, as security for a past due but extended indebtedness. The party who was to receive the machines refused to do so, and the dealer directed the carrier to return them, which was done, and they were redelivered, on June 5th, to the dealer. Seven days before this redelivery, a petition in bankruptcy was filed against the dealer. Four days after said redelivery, the dealer was adjudged a bankrupt. The machines in question were taken possession of by the trustee in bankruptcy. The bank brought suit against the carriers for conversion. *Held,* defendant might show, as a complete defense, that the alleged right of the bank rested on an illegal preference given to it by an insolvent, within four months of the filing of the petition in bankruptcy.

**APPEAL AND ERROR: Preserving Error—Exclusion of Foundation Evidence—Non-necessity to Go Further with Proof.** When evidence is excluded which would lay the *foundation* for a material and ultimate fact, the party suffering such adverse ruling need not proceed further and show such ultimate fact in order to preserve the error in such exclusion for review.

> PRINCIPLE APPLIED: The party for whom freight was intended refused to accept it, and the carrier, at the direction of the shipper, returned it and redelivered it to the shipper, who himself was the consignee in the bill of lading. The bill of lading was then in the hands of a bank as collateral to indebtedness owed by the shipper. The bank sued the carrier. The carrier desired to show (a) that the indorsement of the bill of lading to the bank was within four months of the filing of a petition in bankruptcy against the shipper (consignee); (b) that the indorsement was to secure a past due indebtedness; and (c) that the shipper (con-

signee) was then insolvent, and the bank so knew. To prove this, the shipper offered in evidence, *as a foundation,* the bankruptcy proceedings in another state against the shipper. It was excluded. *Held,* the carrier need not go further and prove the ultimate facts, (a), (b) and (c), in order to preserve said error for review.

**JUDGMENT:** Conclusiveness — Particular Fact Adjudicated — Different Suits—Privity. The judgment of a court of competent jurisdiction directly upon *a particular point* is, as between the parties *and those in privity with them,* conclusive in relation to such particular point, though the purpose and subject-matter of the suit wherein the adjudication was had are different from the purpose and subject-matter of the suit wherein the conclusiveness of the adjudication is offered.

PRINCIPLE APPLIED: A bank filed its claim with a referee in bankruptcy. The trustee objected to the claim, because (a) the bank had received from the bankrupt, within four months of the filing of the petition in bankruptcy, five automobiles, as security for a past due debt, and (b) the bankrupt was then insolvent and the bank so knew. The bank filed a response to the objections. The referee adjudged that the objections were true, and entered an order accordingly. Later, said bank sued a carrier for conversion of two automobiles, on the claim that the carrier delivered the same to the consignee when the bank held the bill of lading as security for a debt owed by the consignee. *This consignee was said bankrupt named above.* Said two automobiles and the bill of lading covering the same were part of the same transaction wherein the said five automobiles were turned over to the bank. The carrier pleaded that the bank's title to the bill of lading was void, because (a) the two machines had been received by it from the bankrupt within four months of the filing of the petition in bankruptcy, as security for a past due debt, and (b) the bankrupt was then insolvent and the bank so knew. *Held,* there was such privity between the bank and the trustee in the hearing before the referee, and between the bank and the carrier in the latter suit, that the adjudication of the referee closed the door in said latter suit to any inquiry as to the truth of the particular matters adjudicated by the referee.

*Appeal from Scott District Court.*—William Theophilus, Judge.

Thursday, June 29, 1916.

Action for the conversion of two automobiles, with their accessories. Trial to a jury, and, at the conclusion of the

testimony, the trial court directed a verdict, in plaintiff's favor, against the Pennsylvania Company, for the value of the property. After entry of judgment, the Pennsylvania Company appealed.—*Reversed.*

*Loesch, Scofield & Loesch* and *Cook & Balluff,* for appellants.

*Wilson, Grilk & Wilson, Isaac Petersberger* and *Lane & Waterman,* for appellee.

DEEMER, J.—On April 4th, 1913, the Midland Motor Company, a corporation doing business in Moline, Illinois, delivered two automobiles and accessories to the Chicago, Rock Island & Pacific Railway Company, at East Moline, Illinois, for shipment to Pittsburg, Pennsylvania, and received a bill of lading from the railway company, showing a consignment "to the order of the Midland Motor Co. Notify John L. Kitter, 2179 Webster Ave., at Pittsburg, Penn." This bill of lading was endorsed in blank by the Midland Motor Company. The Midland Motor Company was indebted to the plaintiff, the Davenport Savings Bank; and, on April 18th, 1913, it drew a draft for the purchase price of the automobiles on John L. Kitter, attached the same to the bill of lading, and delivered both to the bank, as security for a part of the indebtedness it was then owing the bank. It seems that, on the day the bank took the draft and the bill of lading, it had a settlement with the Midland Motor Company, at which it was found that the motor company owed the bank $12,000; and an extension of time was then given for a period of 30 days, a note for the amount of the balance due being executed on April 18th, 1913. The draft and bill of lading were received by the bank, as collateral security to this loan. The Rock Island Railway transported the automobiles to Chicago, where they were delivered to, and accepted by, the Pennsylvania Company; and it transported the same to Pittsburg, and, upon arrival, notified John L.

Kitter. Kitter refused to receive the property, and it was stored, awaiting directions from the consignor. Upon receipt of advices from the Midland Motor Company, the Pennsylvania Company returned the machines to Chicago, and there delivered the same to the Midland Motor Company, at its office in that city. Learning of this transaction, the bank notified the railroad company of its claim to the goods, and demanded the return thereof to it, or payment of the value thereof. In the meantime, the Midland Motor Company had gone into bankruptcy, and the trustee had taken possession of the machines, so that the railway company could not secure and return the property. This suit was then commenced to recover the value of the machines, and the trial court, upon issues joined, directed a verdict for plaintiff, against the Pennsylvania Company.

If this were all of the case, it would not be difficult of solution; but defendants pleaded in defense that, before the redelivery of the property to the Midland Company, it had been adjudged a bankrupt; and one McCollough had been appointed and was acting as trustee in bankruptcy, and that said trustee in bankruptcy took possession of the automobiles, being, in law and in fact, entitled thereto. Defendant further averred that the matter in controversy had theretofore been adjudicated by one E. U. Henry, a referee in bankruptcy, in the southern district of the United States court for the northern division of Illinois, in a matter before him as such referee; and that, in said proceeding, it was adjudged that plaintiff herein was not the owner of the property in controversy, but that the title, possession and ownership thereof, were in the trustee in bankruptcy, E. D. McCollough.

In reply, the plaintiff denied that the referee in bankruptcy made any such order as defendant pleads; averred that the said referee was without jurisdiction to make any order binding on this plaintiff, and further averred that, whatever the order of said referee, the same was without authority, and was and is, illegal and void. To sustain the

defenses pleaded, defendant railway company offered a transcript of the proceedings before E. U. Henry, referee in bankruptcy for the United States district court, southern district of Illinois, northern division, together with the papers and files bound therewith, to which plaintiff objected, because incompetent, irrelevant and immaterial, in that the proceedings were not binding upon it, and, save for showing the filing and disallowance of plaintiff's claim, immaterial and irrelevant. They were also objected to because not properly exemplified. These objections were sustained.

Defendant then offered the finding of the referee in bankruptcy, on a claim filed by the plaintiff with said referee, to the effect that the objections filed to said claim, by the trustee in bankruptcy, were good, and should be sustained; and plaintiff's claim was disallowed, unless it should surrender to the trustee its preference, obtained through the transfer of the bill of lading, and certain payments made to it by the bankrupt, within four months of the adjudication of its bankruptcy.

The objections filed to plaintiff's claim were: (1) no indebtedness; (2) that plaintiff received the automobiles from the bankrupt while it was insolvent, knowing, or having reasonable cause to believe, that it was insolvent; (3) that the draft and bill of lading for the automobiles were given to the plaintiff for a past due indebtedness; (4) that certain payments were made on plaintiff's claim which were preferences under the bankruptcy law.

The certificate to the transcript of the order of the referee was in this language:

"I hereby the above to be a true and exact copy of my record in this matter. Dated at Peoria, Illinois, Jan. 6th, 1915. Edward U. Henry, Referee in Bankruptcy, Southern District of Illinois, Northern Division."

The objections to this offer were practically the same as to the papers. Defendant then offered to plaintiff a notice from the referee in bankruptcy of the filing of the objections

to its claim, and of the place and date fixed for the hearing of the same: namely, Peoria, Illinois, November 24th, 1913. This was objected to by plaintiff, for the reason that it did not state the purpose of the hearing before the referee, and was insufficient, under Section 57 of the Bankruptcy Act (30 Stat. at Large 544, ch. 541), and did not confer any jurisdiction on the referee to adjudge the validity of plaintiff's claim, and for the further reason that it was not properly exemplified. These objections were sustained. The defendant then offered the papers and proceedings in a case brought by the trustee in bankruptcy against the plaintiff herein, in the United States district court for the southern district of Iowa, Davenport division, in which the trustee brought action to recover five automobiles, received by plaintiff herein from the Midland Motor Company at the same time it took the bill of lading, with the draft attached, for the two automobiles in question. These were objected to as incompetent, immaterial and irrelevant, and insufficient to establish a plea of former adjudication, or an estoppel.

The petition filed by the trustee in the United States district court for the southern division of Iowa, discloses that the trustee was seeking to recover the five automobiles therein referred to, which had been received by the plaintiff herein at the time it took its assignment of the draft and bill of lading for the automobiles in controversy, on the theory that, when plaintiff received the said five machines, the Midland Motor Company was insolvent, which fact plaintiff herein well knew, or had reasonable cause to believe; that the transfer thereof was made within four months of the time the Midland Company was adjudged to be a bankrupt, and that the transfer thereof constituted a preference which was void; and that the trustee was entitled to the possession of the machines, and to an order on plaintiff to return the same to him, the trustee.

He also pleaded the proceedings and order before the referee in bankruptcy for the United States district court of Illinois, hitherto referred to, as an adjudication binding, not

only upon the trustee, but also the plaintiff herein, as well, and bottomed his right to recover the five machines upon this order of the referee, as well as upon the ground of prefer- ence. While an issue was tendered in the suit in the United States district court for the southern district of Iowa, the case had not gone to trial at the time this action was decided ; but, since the determination of this action in the court below, the suit by the trustee against the plaintiff herein has been tried, resulting in a judgment in favor of the trustee, and against this plaintiff. See 226 Fed. Rep. 309. To complete the record, it should be stated that, during the trial and before the submission of the case either to the court or jury, defendants' counsel discovered the defect in the certificate of the referee in bankruptcy, to his order disallowing plain- tiff's claim, and the following proceedings were had:

"*Mr. Cook:* Now, Your Honor, it developed yesterday that, in Defendants' Exhibit 2, the referee in bankruptcy, in certifying that record, inadvertently left out the word 'certify,' and that was not discovered by defendants' counsel until the point was raised yesterday afternoon in argument by Judge Waterman that the word 'certify' was not in the certificate. I don't know what the effect of that may be, but there is nothing for a jury to determine here anyway, and we would like to have, and the defendants, Pennsylvania Com- pany and Chicago, Rock Island & Pacific Railway Company, now ask that the further hearing of this case be postponed for five days, in order that we may have an opportunity to have a correct certification made. It is one of those things that ought not to turn the result of a law suit, and I don't know what the effect of it may be in the higher courts. I didn't notice it until Judge Waterman called attention to it yesterday. If the word 'certify' was in there, I would be willing to stand on the certification, but I do not know what the certification is worth without it.

"*Mr. Petersberger:* The plaintiff resists the request for

an adjournment or continuance, not only for the fact that there is no statement accompanying the professional statement of counsel showing any ground therefor, but for the further reason that the objection is not made as required by law, so that the same can be intelligibly passed upon by the court; and for the additional reason that it is a matter of right, and not a discretionary matter, and the plaintiff in this case stands upon its rights to have this case determined at this time.

"*The Court:* The plaintiff's resistance is sustained, and the application for a continuance is overruled."

Again, it should be stated that plaintiff introduced in evidence the following paper, filed with the referee in bankruptcy on November 22d, 1913:

"In the District Court of the United States for the Southern District of Illinois.

| "In the Matter of the Bankruptcy of the Midland Motor.Co. | Response and Application of the Davenport Savings Bank. |

"The Davenport Savings Bank of Davenport, Iowa, a secured creditor, who have heretofore filed their claim in this matter for the purpose of participating in the proceedings at the first meeting of creditors, responding to the objections to which claim, which have been set for hearing at Peoria on Nov. 24, 1913, respectfully represents:

"That the value of the securities held by this claimant has not yet been fully determined so that the necessary allowance can be made for the purpose of establishing the amount of its claim over and above the value of such securities. That, accordingly, this claimant is not prepared at this time to intelligently take up the objections filed herein to the allowance of its claim, and accordingly asks that the hearing on said objections be continued until such a time as the amount, if any, which this secured claimant may have against the

above named bankrupt, can be properly presented for allowance as an unsecured claim."

Thereafter, the following record was made with reference thereto:

"*Mr. Petersberger:*  In view of the ruling of the court which is made as to certain exhibits offered by the defendants, the plaintiff now, in accordance with the statements made in introducing Exhibit K, now withdraws Exhibit K from further consideration by the court in connection with this matter.

"*Mr. Cook:*  The defendants Pennsylvania Company and Chicago, Rock Island & Pacific Railway Company object to the withdrawal of the paper, plaintiff's Exhibit K, and insist that the same become a part of the record and remain so for the purposes of appeal or the further progress of this case; and, that the same having been offered in evidence, it cannot be stricken out of the record so that the defendants may not have the advantage of it in the higher courts.

"*The Court:*  The motion to withdraw is sustained, and the paper may be withdrawn as evidence, but the paper is to be retained with the record for the purpose of appeal."

Preliminary to a discussion of the legal propositions, it is well to give the chronology of events. The bill of lading for the two cars in question was issued April 4th, 1913. Plaintiff and the Midland Motor Company had a settlement of their accounts, on April 18, 1913; and the Midland Company, on that date, executed its note to plaintiff for the sum of $12,000, due on demand, after May 18th of the same year. The Midland Company, on the same date, drew its draft for the purchase of the machines on John L. Kitter, and transferred the same to plaintiff. On April 6th, 1913, the Rock Island Company delivered the machines to the Pennsylvania Company, at Chicago, Illinois. Upon arrival of the cars at Pittsburg, Pennsylvania, the Pennsylvania Company notified Kitter of their arrival, and Kitter refused to accept or pay for the same, and the autos were then stored in a warehouse

in Pittsburg. The petition to have the Midland Company declared a bankrupt, was filed May 28th, 1913. Automobiles returned and delivered to Midland Company, at Chicago, Illinois, June 5th, 1913. Order declaring Midland Company bankrupt, June 9th, 1913. Plaintiff made demand on Rock Island Company for goods, June 18th, 1913. Plaintiff filed claim with referee, July 16th, 1913. Bond of trustee filed July 24th, 1913. Objections to plaintiff's claim filed November 3d, 1913. Notice to plaintiff thereof, November 10th, 1913. Response of plaintiff thereto, November 22d, 1913. Order of referee thereon, November 26th, 1913. Action commenced by trustee against plaintiff for five automobiles, April 10th, 1914. The times when plaintiff filed pleadings in response to the trustee's bill in equity do not appear; and, as the case had not been determined when this action was tried, we know when it was decided only from the opinion to which reference has been made.

I. We have first to consider the rulings of the trial court sustaining objections to some of the testimony offered by defendant. The court denied defendant the right to introduce the papers and files in the bankruptcy proceeding in the United States district court of Illinois, offered, no doubt, for the purpose of showing that plaintiff filed its claim in that court, was notified of the objections taken thereto, and appeared and filed a response to these objections. All of these matters were relevant and material, and, as we think, were properly exemplified, and should have been admitted.

1. EVIDENCE: *res adjudicata*: files and order of court.

The certificate of the referee to the order made by him upon the objections to plaintiff's claim, is defective, in that, through carelessness or mistake, the word "certify" was omitted. As soon as this was discovered, counsel for defendant asked permission to have the certificate corrected. We are constrained to hold that, while such an order is within the discretion of the trial court, in

2. CONTINUANCE: surprise at trial: faulty authentication of exhibit: time to correct.

this case, it should have been granted. That the word was omitted through mistake and oversight, cannot be doubted; and counsel's attention was not called to the matter until after the defendant company had moved for a directed verdict. There were really no facts for a jury to determine, as they were practically agreed to, or were not in dispute; and it was in the interest of justice and fair play that defendants' request for time to get a corrected certificate be sustained. We think the court's ruling denying the right was erroneous.

Objection to the notice given to plaintiff by the referee, of the objections filed to its claim, was sustained. This was doubtless erroneous; but, as the claimant appeared before the referee and filed a response to the objections, this amounted to a waiver of the notice, and cured any and all defects therein, whatever they may have been. Plaintiff offered in evidence the response filed by it, and, after defendant had offered all its testimony, the trial court, over its objections, permitted plaintiff to withdraw the exhibit, stating, however, that it should remain in the record, for the purposes of the appeal. Recurring to the record with reference to this matter, which record has already been reproduced, we think we must assume that this response is still in the case, as if it had been offered by the defendant itself, upon a withdrawal by the plaintiff, the plaintiff having properly identified it. If not so considered, we think the trial court was in error in entirely eliminating it.

3. TRIAL:
reception
of evidence:
withdrawal.

Now, as to the law of the case, assuming that we have a record before us which establishes the facts above recited. Of course, plaintiff, in view of its holding the bill of lading with draft attached, made out a prima-facie case, by showing a delivery of the goods to the consignor, without a production of the bill of lading; and defendant, in order to defeat recovery, must show that, notwithstanding the nonproduction of the bill of lading, it delivered the goods

4. CARRIERS: bill
of lading:
delivery to
right party
without bill of
lading: effect.

to the right party, or that plaintiff's right to the goods has been adjudicated adversely to it in another proceeding, by a court or tribunal having jurisdiction of the parties and the subject-matter.  Upon the first proposition, it was incumbent on defendant to show. that plaintiff is not, and was not, entitled to the goods because of a preference given to it by an insolvent on the eve of bankruptcy; that is, within four months of the adjudication of bankruptcy.

The trial court denied defendant the right to show the bankruptcy proceedings pending in another state, and this prevented defendant from laying the foundation for an attack upon the assignment of the bill of lading and the draft, and it was not necessary for defendant, in these circumstances, to follow it up with other testimony, tending to show that the Midland Company was insolvent when it transferred the draft with bill of lading, of which fact the plaintiff had knowledge, or such information as would have led to knowledge, had it followed the inquiries suggested thereby.  As there was error in the court's ruling which denied defendants the right to show the bankruptcy proceedings against the Midland Company, we need not do more on the first proposition than point out the error, leaving to further investigation the other matters necessary to be proved, if the parties be so advised.

5.  APPEAL AND ERROR: preserving error: exclusion of foundation evidence: non-necessity to go further with proof.

II.   We have already pointed out the error of the trial court in denying defendant the right to a postponement of the case, in order to obtain a correction of the referee's certificate to the order made by him, and in taking out of the case plaintiff's response to the objections filed to its claim before the referee; and, in view of this holding, and the conclusion reached on the other branch of the case, the judgment must be reversed.

As this, in effect, presupposes that these records, if properly authenticated and introduced, would constitute a defense,

it may be well to state our views upon the matter at somewhat greater length. Plaintiff voluntarily filed its claim with the referee in bankruptcy. To this, objections were filed by the trustee. To these objections, plaintiff responded; and although, in this response, it asked for a continuance, it never withdrew its appearance, and the referee passed the case to the 25th of November, and, on the 26th, proceeded to make the order to which reference has been made. In this order, the referee found that, at the time the bill of lading and draft for the purchase price of the autos were assigned to the bank, the Midland Company was insolvent, and that the bank knew, or had reasonable cause to believe, the company was insolvent, and that the effect of the transfer of the five automobiles was to give it a preference; that the transfer was within four months of the filing of the involuntary petition in bankruptcy, and the claim was disallowed upon condition. This adjudication was binding upon plaintiff, although it may not have personally appeared at the trial, or offered any testimony. The referee had acquired jurisdiction of the person and of the subject-matter; and, while the property involved was not the same, in that five automobiles were involved, it nevertheless appears, by the uncontradicted testimony, that the transfer of the five was a part of the same transaction as the assignment of the bill of lading, with draft attached. That the order on the claim as to the five automobiles was an adjudication as to these five, cannot be doubted. *Last Chance Mining Co. v. Tyler Mining Co.*, 157 U. S. 683; *Southern Pac. R. Co. v. United States,* 168 U. S. 1, 51; *Peachey v. Frisco Gold Mines Co.*, 204 Fed. 659; *In re Wilkesbarre Furn. Mfg. Co.*, 130 Fed. 796; *Clendening v. Red River Bank* (N. D.), 94 N. W. 901; *McCulloch v. Davenport Savings Bank,* 226 Fed. 309, and cases cited.

**6. JUDGMENT: conclusiveness: particular fact adjudicated: different suits: privity.**

It is not necessary that the parties be the same, or that the property be identical. There was such privity between the parties to the proceeding before the referee, and the parties

hereto, as that the adjudication is binding; and, although the property was not identical, the transfers were made at one and the same time, and, according to the authorities, the question involved before the referee was conclusively settled by his order. *Union Central Co. v. Drake,* 214 Fed. 536; *Smith v. Walker* (Ga.), 3 S. E. 256. See also 24 Am. & Eng. Encyc. of Law, 710, 711, 712 and 766, and cases cited; *Bailey v. Glover,* 21 Wall. 342, 346 (22 Law. Ed. 638). Directly in point, see *Moore v. Breit,* 211 Fed. 687, 220 Fed. 97. We shall not quote from these cases. It is enough to say that they announce the principles which must govern this appeal.

Assuming, then, that the order made by the referee upon plaintiff's claim be properly established, we think that it became and is binding, not perhaps, strictly speaking, as an adjudication of plaintiff's claim, but as a finding of fact upon an issue involved on that hearing which is conclusive upon the plaintiff here. 2 Black on Judgments, Section 506 (Ed. of 1891); *Peachey v. Frisco Gold Mines Co.,* supra. We reach the conclusion that the judgment must be, and it is,— *Reversed.*

EVANS, C. J., LADD and PRESTON, JJ., concur.