## BALDWIN v. LOWE.

1. **Conveyance: NOTICE.** A grantee of real estate, with notice of the equities of a prior vendee under a contract of purchase, cannot maintain ejectment against such vendee.

2. **Estoppel: PROOF.** An estoppel not being favored in law, must be clearly proven.

*Appeal from Jasper District Court.*

TUESDAY, JUNE 18.

THIS is an action of right brought by the plaintiff to recover the possession of fifty-four and forty-five one-

hundredths acres of land. The defendant interposed an equitable defense, and the cause was tried by the court upon depositions and other evidence. The judgment of the court below being in favor of the plaintiff, the defendant, by appeal, brings the cause to this court.

*Dow & Price* and *J. W. Sennett* for the appellant.

*Winslow & Lindley* and *O. C. Howe* for the appellee.

COLE, J.—The decision of this case rests entirely upon the facts proved. They are very briefly these : The land in controversy in 1856 belonged to one Thomas W. Gilmore. In that year he sold the same to one Samuel K. Bundy, who paid only a part of the consideration down, and was to pay the balance at a future time. Gilmore gave to Bundy a bond for a deed upon the payment of the balance of the purchase price. Bundy took actual possession of the land, and remained on it till January, 1860, at which time he sold it to the defendant Lowe at a price greater than he was to pay, to wit, eight hundred and fifty dollars. Lowe paid, at the time of purchase, all but four hundred dollars, and gave his obligations for that amount, and took from Bundy his bond for title upon the payment of the balance of the purchase-money. Lowe took possession of the land, and has lived upon it ever since, up to the time of the trial of this cause. Bundy left the neighborhood when he sold to defendant, and has never paid the balance due Gilmore, which is, however, less than the balance due from defendant Lowe to said Bundy.

The plaintiff has lived near the land for much or all of the time named, and has had full knowledge of all the facts as to the purchases, title bonds, possession, etc. The plaintiff wanted six or seven acres of the land, and made

*1. CONVEYANCE: notice.*

Baldwin v. Lowe.

one or more unsuccessful efforts to buy the same, both of defendant Lowe and the legal owner Gilmore. In February, 1864, a relative and agent of the owner visited the neighborhood of the land, with a view to collecting, in some way, the balance of the purchase-money due him. According to the testimony of this agent, which is corroborated by the defendant, another witness, and by the circumstances, it was finally agreed that plaintiff, in order to get the six or seven acres, should pay to Gilmore the balance due upon the title bond to Bundy, which was two hundred and eighty dollars—one hundred cash, and the balance in two equal deferred payments, and should take a deed for all the land, and give a mortgage to secure the deferred payments. That he, the plaintiff, should hold the absolute title to the six or seven acres (to be ascertained by survey), and should hold the title of the balance for the benefit of defendant Lowe. The plaintiff was to allow defendant ten dollars per acre for the six or seven acres, and the defendant was to repay plaintiff the balance of the hundred dollars within three months, and to meet the two deferred payments at their maturity. The plaintiff afterward paid all the purchase-money and took the deed to the land, but gave no mortgage. The defendant, within the three months, offered to pay the hundred dollars, which the plaintiff in effect refused.

These facts are not in harmony with the testimony of the plaintiff and his son, for whom the six or seven acres were bought. The plaintiff claims that he purchased the whole land absolutely and without any obligations toward the defendant as to it.

The whole evidence very clearly, satisfactorily and conclusively establishes the facts, in substance, as stated. These are a few of the considerations, leading us to so determine. The plaintiff had evinced and does not deny his anxiety to secure the six or seven acres for a building,

which he had often tried and failed to secure in any other way; the price he was to and did pay for the land was but little, if any, over one-half the value of the land; it was just the amount or balance due the owner from his original vendee; the facts, as stated, are mainly positively testified to by the agent of Gilmore the owner, who made the sale and is a disinterested witness, and he is directly supported by the positive testimony of one disinterested witness, as well as by the defendant; the plaintiff had the six or seven acres surveyed and took possession of the same, directly after the arrangement was made; the great improbability that a responsible vendor would make an absolute sale of his land, which he had before sold, received part pay for, and given his bond for title, and that, too, for a less sum than would meet his liability on his bond, and while his vendee's assignee was in possession claiming title; these and the other quite apparent considerations, fully justify the conclusion we have reached.

There is, however, a more technical view, which leads to the same result. It is this: The plaintiff brings his law action to recover possession of the real estate. The defendant sets up an equitable defense, to wit: That he claims to have purchased the land from or under the plaintiff's grantor, long prior to plaintiff's purchase, and to have held the same by actual occupancy under a title bond or equitable title, upon which he had paid much of the purchase-money, and that plaintiff had full notice of all these facts. The proof sustains this defense. Now, if the plaintiff's vendor, Gilmore, had brought a suit at law to recover possession of the land, instead of seeking his remedy under his first sale, it would hardly be claimed that he could thus avoid his contract of sale and turn his vendee out of possession. In other words, a vendor of land who receives part of the consideration and gives his bond for title, and time for the payment of the balance,

cannot, while that bond is in force and unforfeited, turn his vendee, who offers to perform on his part, out of possession by action at law. He must pursue his remedy upon his contract. So must his assignee or subsequent grantee.

In either view of the case the plaintiff has no right to recover. We do not think the plaintiff's testimony, that defendant told him, prior to his purchase, that he (defendant) made no claim to the land, sufficient to establish that fact against defendant's denial. It is not natural nor reasonable, nor hardly possible, that it should be so in view of all the facts admitted and proved.

Besides, it is in the nature of an *estoppel*, and an *estop-pel* is not favored in law, and must always be clearly proved. The defendant, in his testimony, also denies this statement of the plaintiff.

2. ESTOPPEL: proof.

The cause will be remanded to the District Court, with instructions to ascertain the amount due from defendant to plaintiff upon the basis of this opinion, and, upon the payment thereof, the judgment will require the plaintiff to convey to defendant all but the six or seven acres surveyed off by plaintiff, or the judgment will stand for such conveyance. Plaintiff will pay the costs.

Reversed.