TEMPLE LUMBER COMPANY, Appellee, v. E. J. LATTNER, Appellant.

No. 40604.

DECEMBER 9, 1930.

*Hann & Randall,* for appellant.

*Donnelly, Lynch, Anderson & Lynch,* for appellee.

KINDIG, J.—On or about February 9, 1925, the defendant-appellant executed a promissory note payable to the plaintiff-appellee in the sum of $2,750, together with interest at 8 per cent per annum. It is alleged by appellee that  the appellant failed to pay the principal and interest on the foregoing note. Consequently, on September 28, 1928, the appellee commenced this suit against the appellant, and, in prosecution thereof, filed his petition with the clerk of the Linn County district court, for the purpose of collecting the sum due on the note. More than three months thereafter, to wit, on January 17, 1929, the appellant filed his answer to appellee's petition. Thus the matter remained until March, 1930, when the cause was assigned to be heard, March 31st.

At least from the time the answer was filed until the assignment thus made, the appellant was represented by an attorney. That attorney, however, it appears, withdrew from the case March 28, 1930, and on March 29th thereafter, the appellant retained his present counsel. Upon being retained, the present attorneys, on March 31, 1930, filed a motion to continue the cause, in order that they might communicate with one Devereaux Henderson, at Houston, Texas, for the purpose of ascertaining what he knew about the transaction which gave rise to the promissory note above described. In the motion, the appellant indicates that the said Henderson has possession of papers material to the defense, but does not say what such papers contain.

Moreover, the motion includes the following statement: "That counsel for the defense [appellant] cannot at this time set forth what they expect to prove by the said Devereaux Henderson, for the reasons hereinabove set forth. * * *" Previously in the motion, appellant states that he does not know what information and knowledge were possessed by Devereaux Henderson concerning this note and the transaction surrounding the same.

After the filing of the motion, this cause was not reached on the calendar until April 7, 1930, at which time the district court refused the request for the continuance. Appellant elected to stand on his motion, and judgment was entered in appellee's favor for the amount claimed.

Two reasons are assigned for reversal. They are set forth below.

I. Objection is made because the district court refused the continuance. By so doing, appellant asserts, the court abused its discretion. Such abuse of discretion, appellant maintains, denied him a fair trial, and prevented the due administration of justice. Replying to that contention, appellee claims that the district court did not abuse its discretion, because the motion for continuance failed to reveal that appellant was without "fault or negligence." These conflicting claims now demand consideration.

While discussing the decisive principles involved in the controversy, a review of the statutes applicable is essential. Section 11444 of the 1927 Code contains the following provisions:

"Motions for continuance on account of the absence of evidence must be founded on the affidavit of the party, his agent or attorney, and must state:

"1. The name and residence of such witness, or, if not known, that the affiant has used reasonable diligence to ascertain them, and in either case facts showing reasonable grounds of belief that his attendance or testimony will be procured at the next term.

"2. Efforts constituting due diligence which have been used to obtain such witness, or his testimony.

"3. What particular facts, as distinguished from legal conclusions, the affiant believes the witness will prove, and that the

affiant believes them to be true, and that he knows of no other witness by whom such facts can be fully proven.''

Manifestly, the motion filed by appellant in the case at bar in no way complies with the foregoing statute. Many essentials are lacking in the motion. For instance, it does not show appellant's diligence, nor does it suggest that the absent witness will attend the next term, or that his testimony could and would be procured for that time. Also, the motion is defective because it does not indicate the facts which will be proven by the witness. Enough has been said to show that the appellant is not entitled to a continuance under that section of the statute.

The argument is made by appellant, however, that he is not claiming a continuance under the foregoing section, but is entitled to the same because of another statutory provision. Reference here is made to Section 11443 of the 1927 Code, which reads:

''A continuance shall not be granted for any cause growing out of the fault or negligence of the party applying therefor; subject to this rule, it may be allowed for any cause which satisfies the court that substantial justice will thereby be more nearly obtained.''

Placing his demand upon what is designated as broad principles of equity and justice, the appellant insists that his right to a continuance can be found in the provisions of the last-quoted section. To put the thought differently, appellant asserts that the due administration of justice demands the continuance.

It is the policy of the law to permit a trial upon the merits underlying each case, and, unless the litigant forfeits his right thereto, such privilege should not be denied. Due recognition of that rule must be made by the courts, yet the administration of justice demands that trials proceed with such expediency as is consistent therewith, so that delays shall not thwart justice and deny the prevailing litigant the fruits of his victory. Here, in the case before us, appellant, after taking more than three months to answer, made no apparent effort to obtain the presence of the alleged witness Devereaux Henderson, or his evidence in the form of a deposition, from January 17, 1929, until March 31, 1930. More than that, appellant, during that long period of

time, did not even take the trouble to ascertain what, perchance, the alleged witness knew about the transaction here involved. Throughout that entire period of delay, appellant was represented by counsel, and there is no claim that such legal representative did not perform his full duty. Even after the long time just mentioned had elapsed, appellant's present counsel, following the submission of the motion for continuance on March 31st, until the cause was actually reached, on April 7th, apparently did not attempt to communicate with Devereaux Henderson by letter, telegraph, or telephone. Although, during the entire period, appellant knew of the alleged witness and the so-called importance of having him at the trial, nevertheless he made no effort to obtain either the witness or his deposition. No attempt, in fact, at any time was made by appellant to learn whether Devereaux Henderson would testify for or against him. At this late date, we do not know whether appellant would be benefited or harmed by the testimony of this witness.

Under those facts and circumstances, it cannot be said that substantial justice has not been done. Appellant's predicament was brought about by his own "fault and negligence." When dealing with situations of this kind, the district court has discretion, and unless that tribunal acts arbitrarily (*Davenport Sav. Bank v. Chicago, R. I. & P. R. Co.*, 176 Iowa 745, local citation 755-756; *State v. Painter*, 40 Iowa 298, local citation 300), we will not interfere with its action. *State v. Pell*, 140 Iowa 655, local citation 663; *Baker v. Langan*, 165 Iowa 346, local citation 348; *Foote v. Burlington Gaslight Co.*, 103 Iowa 576, local citation 580; *Hibbets v. Hibbets*, 117 Iowa 177, local citation 178.

Hence, we are constrained to hold that the district court did not abuse its discretion, under the facts and circumstances here presented.

II. Regardless of his right to the continuance, the appellant says he is entitled to a reversal because the district court allowed attorney's fees in the judgment when the appellee did  not furnish the affidavit required by Section 11646 of the 1927 Code. Without that affidavit, the attorney's fees should not be taxed as part of the costs in a suit on a promissory note. *Sweney v. Davidson*, 68 Iowa 386 (local citation 392). So the

district court erred in including such fees in the judgment. Such error is conceded by the appellee in argument. The amount of the fees thus taxed was $64.92.

If, therefore, the appellee will remit the amount of said attorney's fees on the district court judgment and file evidence thereof with the clerk of this court within 30 days hereafter, the judgment of the district court will be affirmed; otherwise, the same must be reversed.—*Affirmed on condition.*

MORLING, C. J., and EVANS, FAVILLE, and GRIMM, JJ., concur.