HAZEL HOLDEN, Appellant, v. WILLIAM A. VOELKER et al., Appellees.

No. 44893.

June 18, 1940.

H. Haehlen, for appellant.

A. E. Sheridan, for appellees.

OLIVER, J.—Plaintiff instituted action in equity for an accounting of the operations of a store jointly conducted by defendants and plaintiff. Defendants likewise demanded an accounting and among other things prayed foreclosure of a chattel mortgage for $500 upon fixtures and equipment made them by plaintiff to secure funds for said business.

Upon trial the court found plaintiff was indebted to defendants for $530 upon said chattel mortgage and also for a net balance of $58.50 on the general accounting. The decree ordered judgment accordingly together with the foreclosure of the chattel mortgage upon the fixtures and equipment and established a lien upon the other assets of said enterprise for any deficiency after said foreclosure and for the amount of

the judgment upon the general accounting. From said decree plaintiff prosecutes this appeal.

■ Appellant contends the pleadings were insufficient to support the portion of the decree establishing the lien of the judgment upon assets other than those covered by the mortgage. With this contention we do not agree. The pleadings specifically demanded this relief and contained allegations which would have justified it.

Another complaint concerns the insufficiency of the evidence. We are unable to pass upon this because none of the evidence was contained in the abstract.

■ Appellant also predicates error upon the taxing of attorney fees as costs upon the portion of the judgment based upon the mortgage debt. The affidavit required by Code section 11646 was not filed. Therefore, such taxation was erroneous and the judgment and decree should be modified accordingly. Temple Lumber Company v. Lattner, 211 Iowa 465, 233 N. W. 522. In all other respects the same is affirmed.—Modified and affirmed.

CHIEF JUSTICE and all JUSTICES concur.