J. R. McGRATH et al., Appellees, v. D. W. MOTT, SR., Executor, et al., Appellants.

No. 45381.

DECEMBER 10, 1940.

James E. Coonley, for appellees.

Leming & Hobson, for appellants.

BLISS, J.—The petition of the plaintiffs filed June 29, 1939, alleged that the plaintiff J. R. McGrath owned an undivided one-twenty-fourth interest in and to the NE¼ and the NE¼ of the SE¼ of Section 21-93-19, Franklin county, Iowa, and that other defendants had specific fractional interests in the same land. It also alleged that John McGrath died testate on October 7, 1935, seized of said land, and by his will left an undivided one-twelfth interest therein to Michael D. McGrath, and also left other named undivided fractional interests to other defendants or their assignors. The petition alleged that subsequent to the death of the testator, Michael D. McGrath assigned one half of his interest, being a one twenty-fourth of the land, to the plaintiff J. R. McGrath. The petition contained the usual allegation that the real estate could not be equitably divided in kind, and that it would have to be sold, and a referee be appointed for that purpose. It set out the various interests of the parties and prayed that the court confirm these. The First Na-

tional Bank of Hampton held an assignment of plaintiffs' interest as collateral security for money borrowed, and intervened to have its interest protected. No attention need be paid to it, as its interest was protected and it has not appealed.

. The defendant executor and some of the other defendants filed separate motions to dismiss plaintiffs' petition. The grounds of the motions were, in general, that the petition on its face showed that plaintiffs had no interest in the real estate sought to be partitioned; that the court had no jurisdiction of the land; that the will of the testator provided for the sale of the real estate by the executor; that the executor had made and was making diligent effort to sell the land. The motion referred to the will, and was made into the character of a speaking demurrer by setting out the will and making it a part of the motion, when it was not set out in the petition or amendment. The question of this being allowable (In re Assessment of Sioux City Stock Yards Co., 223 Iowa 1066, 274 N. W. 17) is not material in this case. The will contained a paragraph directing the executor to sell the land within two years after the testator's death, subject to the approval of the court. Thereafter, on September 13, 1939, the plaintiffs amended their petition by alleging the probate of the will, the appointment of the defendant executor, and his failure, though many times requested, to sell the land.

These motions to dismiss were submitted to Judge Henderson, of that judicial district. In overruling the motions, he noted in the order that since the questions raised were dependent upon so many circumstances, and the decisions were not entirely in accord, he thought the issues should be made and the case tried on its merits and upon evidence submitted, if any there was. This entry was made on October 31, 1939, and exceptions of defendants were noted. None of the defendants stood upon their overruled motions, nor suffered judgment to go against them, because of said ruling. The adverse rulings were therefore not appealable. We have so held many times, and will refer to but a few of those cases. Frazier v. Wood, 215 Iowa 1202, 1206, 247 N. W. 618, 219 Iowa 36, 255 N. W. 647; Wilcox v. McCune, 21 Iowa 294; Besch v. Haynes, 224 Iowa 166, 169, 276 N. W. 13; Dorman v. Credit Ref. & Rep. Co., 213

Iowa 1016, 241 N. W. 436; Hansen v. Independent School Dist., 193 Iowa 417, 422, 186 N. W. 922, 21 A. L. R. 260; In re Assessment of Sioux City Stock Yards Co., supra.

The chief contention of appellant in his motion to dismiss was that the paragraph of the will directing the executor to sell the land within two years after the death of the testator effected an equitable conversion of the real estate into personalty, and that therefore an action to partition real estate did not lie.

The defendants might have saved the legal questions raised in the motions by answer, but they did not. On October 31, 1939, they all filed answers containing nothing more than general denials. By so doing, they waived the error, if any, in the ruling on the motions.

The cause proceeded to hearing and determination solely on the petition as amended and the answers. The court, on November 17, 1939, rendered judgment for plaintiffs, reciting therein that "after examining the pleadings on file, and hearing all the evidence upon issues having been made by general denial * * * and the arguments and statements of counsel, and being fully advised in the premises, the Court finds that the issues are with the Plaintiff, and that the allegations of Plaintiff's petition are true, and Plaintiff is entitled to Decree as prayed." On March 14, 1940, the executor, alone, appealed. He appealed only from the final judgment and decree, but he contends that the legal questions raised in his motion to dismiss were so preserved to him that they may be passed upon by this court. He is in error in this. He might have elected to stand upon his motion to dismiss, and appealed from that ruling, but by pleading over, without again raising the questions, he waived his right to further hearing on the questions.

The abstract sets out no part of the evidence or testimony taken. That there was evidence received appears from the recitations of the final decree. The fact that the certificate to the abstract recites that it is a "complete abstract of all the doings of the court in said cause in the Court," and the fact that the abstract is not denied nor amended by appellees, does not avail where no evidence is abstracted and it appears of record

that evidence was received. Under such circumstances, an appeal cannot be presented de novo to this court. The decree is presumed to be correct. We have so held in a number of cases. See Pappas v. Stathis, 174 N. W. 230 (not reported in Iowa Reports), where we said:

"We are of the opinion that this is not a record which we can undertake to review or pass upon. Where it appears that an equitable issue has been heard and decided upon evidence offered by the contending parties, neither can appeal and secure a reversal of the decree below on the merits of the case without laying before this court, in some form, the testimony on which the trial court acted. * * * In the absence of the record, the presumption is in favor of the correctness of the trial court's action."

See also Holden v. Voelker, 228 Iowa 589, 293 N. W. 32. The fact that a synopsis of some of the testimony is set out in appellant's resistance to appellees' motion to dismiss the appeal does not aid the appellant in this matter. We do not pass upon the various grounds raised in the motion to dismiss the appeal. The decree is affirmed.—Affirmed.

CHIEF JUSTICE and all JUSTICES concur.