I. L. CRITTENDEN, Appellee, v. FRED JENSEN et al., Appellants. No. 45728.

JANUARY 13, 1942.

Garfield & Baker, for appellee.

Franklin Jaqua, for appellants.

BLISS, C. J.—Plaintiff's petition filed February 28, 1941, alleges: the ownership of the land; that he is informed the defendants adversely claim the right to occupy the premises after March 1, 1941, but that said claim is invalid and without foundation; that defendants had been tenants of the farm but by written agreement entered into September 23, 1940, said tenancy was on that day terminated, and possession was to be surrendered in two weeks; that in November following, the parties agreed verbally that the defendants should remain on the premises to March 1, 1941, to husk the corn, and feed and prepare the hogs for market, with each party paying half the labor and fuel bills as compensation to the defendants, and when the hogs were sold the net profits should be divided equally; that relying on the written agreement of September 23, 1940, the plaintiff leased the farm from March 1, 1941, to another party who came onto the farm that fall and did plowing; that defendants are estopped from making any claim to the premises. The prayer is the usual one in a quieting title action.

The agreement of September 23, 1940, which is made a part of the petition as an exhibit, refers to a bill of sale executed by defendants conveying certain personal property on the farm, and electrical fixtures to plaintiff, in consideration of $145 in cash, and the release of a certain chattel mortgage held by plaintiff on property of defendants.

Defendants moved to dismiss the petition on two grounds, the first being that the petition fails to state a cause of action in that it fails to allege any facts entitling the plaintiff to the relief demanded, and second, that the petition fails to allege the serving of a written notice as required by section 10161 of the Code of 1939, prior to November 1st, in order to terminate a lease expiring by its terms on the following March 1st.

The appellants in this appeal complain only of the court's

ruling on their motion to dismiss the petition, and raise no question as to any other part of the decree. We find no merit in the motion. It admits the execution of the agreement terminating the lease on September 23, 1940. The tenancy was thus ended, and the statute has no application. After the lease had been thus terminated by agreement of the parties, no further notice was required. This statute does not mean that a landlord and tenant cannot agree to cancel or terminate a lease, and that such termination can only be brought about by serving the notice provided for in the section. The subsequent verbal agreement was merely an arrangement to gather the corn and feed it to the hogs to prepare them for market, and not a lease to farm the premises. By its terms, the defendants were to leave the premises on March 1, 1941.

The court in its decree found that the lease had been terminated under the written agreement, and that no notice under section 10161 was required. Appellee questions the right of appellants to prosecute their appeal only from the ruling on the motion. He has also filed a motion to dismiss the appeal because no transcript was ever procured or filed, nor abstract of the evidence filed. Since we have decided appellants' appeal on the merits, we do not find it necessary to pass upon either the procedural question raised by appellee, or his motion to dismiss the appeal.

The ruling appealed from is affirmed.—Affirmed.

STIGER, SAGER, HALE, OLIVER, MILLER, and WENNERSTRUM, JJ., concur.

GARFIELD, J., takes no part.