**Keith DENTON and Jo Ann Denton, Appellees,**

v.

**Paul B. MOSER, Appellant.**

No. 2-57339.

Supreme Court of Iowa.

April 14, 1976.
Rehearing Denied May 13, 1976.

Thomas L. Moser, Zweiback & Laughlin, Omaha, Neb., for appellant.

Richard L. Wilson, Wilson, Bonnett & Christensen, Lenox, for appellees.

Submitted to MOORE, C. J., and MASON, RAWLINGS, LeGRAND and REES, JJ.

MOORE, Chief Justice.

Defendant landlord appeals from judgment and decree recognizing statutory one-year renewal of a farm lease with plaintiffs. Defendant's main contention is that the trial court erred in holding the 1973 amendment to Code section 562.7 was effective retroactively as well as prospectively. We affirm.

On December 10, 1968 the parties executed an agreement whereby defendant (landlord) leased to plaintiffs (tenant) his Taylor County, Iowa, farm of approximately 1320 acres.

As pertinent here the lease included:

"(1) Tenant agrees to pay cash rent for the use of the entire premises for a period of five years on the following basis:

(a) March 1, 1969—March 1, 1970—$26,000.00
(b) March 1, 1970—March 1, 1971—$26,000.00
(c) March 1, 1971—March 1, 1972—$27,000.00
(d) March 1, 1972—March 1, 1973—$28,000.00
(e) March 1, 1973—March 1, 1974—$29,000.00

"(2) Payment annually as follows each year:

$5,000.00 Cash each March 1.
$5,000.00 Cash each December 1.

Balance of annual payment each next March 1, which would be:

March 1, 1970—$16,000.00
March 1, 1971—$16,000.00
March 1, 1972—$17,000.00
March 1, 1973—$18,000.00
March 1, 1974—$19,000.00

"( * * * )

"(8) Tenant and Landlord agree that Landlord has the right to cancel this agreement on payment of a $5,000.00 penalty to Tenant. Notification must be given on or before November 1, for termination on the following March 1."

The lease ran its five-year term as the landlord did not reduce its term by payment of $5000 and giving notice under the provisions of paragraph 8. However, landlord on September 8, 1973 sent tenant notice of termination effective March 1, 1974. This gave rise to the litigation now before us.

Tenant refused to leave the premises March 1, 1974 and commenced this declaratory judgment action for injunctive relief asserting his lease was extended one year under the provisions of section 562.6, Code, 1973 and section 562.7 as amended by chapter 280, section 1, Acts of the Sixty-fifth General Assembly. Section 562.6 provides:

"Agreement for termination. Where an agreement is made fixing the time of the termination of the tenancy, whether in writing or not, it shall cease at the time agreed upon, without notice. In the case of farm tenants, except mere croppers, occupying and cultivating an acreage of forty acres or more, the tenancy shall continue for the following crop year upon the same terms and conditions as the original lease unless written notice for termination is given by either party to the other, whereupon the tenancy shall terminate March 1 following; provided further, the tenancy shall not continue because of absence of notice in case there

be default in the performance of the existing rental agreement."

Prior to July 1, 1973 section 562.7 provided:

"Notice—how and when served. The written notice so required shall be given as follows:

1. By delivery of notice in person on or before November 1 by one party to the other with acceptance of service thereon to be signed by the person receiving the notice, or

2. By service on either party on or before November 1 by a person in behalf of the other party, in the same manner as original notices are served, or

3. By either party sending to the other at his last known address before November 1, a notice by restricted certified mail."

Effective July 1, 1973 section 562.7 was amended to change the time for giving notice from November 1 to September 1.

By answer and counterclaim landlord denied tenant's claims and sought immediate possession of the farm. He alleged (1) inapplicability of amended section 562.7; (2) controlling authority of the contract provision over the statute and (3) estoppel.

The trial court disagreed with landlord's contentions and entered judgment and decree for tenant. The court found landlord had not given timely notice of termination and that by operation of the applicable statutes the lease was extended for another year, commencing March 1, 1974.

 I. We first consider landlord's claim the contract terms of paragraph 8 control over the statutory provisions for giving notice of termination. We agree with the trial court's finding and holding that paragraph 8 controls only internal cancellation and not notice upon final termination.

No evidence was submitted indicating the parties intended to give a meaning to paragraph 8 other than that expressed by the words used.

The first sentence of paragraph 8 uses two key words—"cancel" and "penalty." These imply something other than the normal running out of the contract terms.

Webster's New World Dictionary (2d col. ed.) defines "cancel" as "1. to cross out with lines or mark over in some other way, 2. to make invalid; annul, 3. to do away with; wipe out; abolish, withdraw, etc." Like definitions are found in The American Heritage Dictionary.

In *Ellsworth College v. Carleton*, 178 Iowa 845, 853, 160 N.W. 222, 225, we say:

" * * *. By 'cancel' is meant, according to Webster, 'to cross out and deface, as the lines of a writing, or as a word or factor . . .; to mark out by a cross line; to strike out . . . to annul or destroy; to revoke or recall.' * * *."

The first sentence of paragraph 8 refers to premature destruction of the lease and provides for a $5000 penalty for this action. Certainly tenant could not collect the $5000 if a notice of termination was sent regarding March 1, 1974 end of lease termination.

The second sentence is not quite as precise. However we believe paragraph 8 is purely a single unit paragraph and its subject matter is cancellation. We do not interpret it to cover contractual termination.

■ II. Of course a farm tenancy may be terminated by agreement of the parties (*Crittenden v. Jensen*, 231 Iowa 445, 1 N.W.2d 669); by proof of estoppel (*Wetzstein v. Dehrkoop*, 241 Iowa 1237, 44 N.W.2d 695) or by waiver (*Laughlin v. Hall*, 236 Iowa 990, 20 N.W.2d 415). In such an event requiring of written notice of termination under section 562.7 has no application.

The record here, however, is devoid of proof the notice provisions of section 562.7 were abrogated by agreement, estoppel or waiver. We therefore reach landlord's main contention—inapplicability of section 562.7 as amended.

III. Landlord appellant calls our attention to the preexisting farm tenancy between the parties and argues that prior to the 1973 amendment to section 562.7 notice of termination by November 1 was timely. He strongly urges us to reverse the trial court's holding that the amendment was effective retroactively.

The general rules for retroactive application of amendments are set out in *Schnebly v. St. Joseph Mercy Hosp. of Dubuque, Iowa*, Iowa, 166 N.W.2d 780, 782:

"The question whether a statute operates retrospectively or prospectively is one of legislative intent. *Davis v. Jones*, 247 Iowa 1031, 1034, 78 N.W.2d 6, 7; *Schultz v. Gosselink*, 260 Iowa 115, 148 N.W.2d 434, 435; 50 Am.Jur., Statutes, section 478. In determining such intent it is a general rule all statutes are to be construed as having a prospective operation only unless the purpose and intent of the legislature to give it retroactive effect is clearly expressed in the act or necessarily implied therefrom. The rule is subject to an exception where the statute relates solely to remedies or procedure. If a statute relates to a substantive right, it ordinarily applies prospectively only. If it relates to remedy or procedure, it ordinarily applies both prospectively and retroactively. *Schultz v. Gosselink*, supra; *Krueger v. Rheem Manufacturing Company*, 260 Iowa 678, 149 N.W.2d 142, 144; 82 C.J.S. Statutes §§ 414, 417, 421; 50 Am.Jur., Statutes, sections 478, 482."

For a more recent statement of these established legal principles, see *Walker State Bank v. Chipokas*, Iowa, 1975, 228 N.W.2d 49, 51.

In *Schultz v. Gosselink*, 260 Iowa 115, 118, 148 N.W.2d 434, 436, we say:

"In *Bascom v. District Court*, 231 Iowa 360, 362, 363, 1 N.W.2d 220, 221, we recognize the general rule as well as the exception thereto and quote this from *Lewis v. Pennsylvania Railroad Company*, 220 Pa. 317, 322, 69 A. 821, 822, 18 L.R.A., N.S., 279; ' * * * No one can claim to have a vested right in any particular mode of procedure for an enforcement or defense of his rights. When a new statute deals with procedure only, prima fa-

32

cie, it applies to all actions,—those which have accrued or are pending, and future actions. If before final decision a new law as to procedure is enacted and goes into effect, it must from that time govern and regulate the proceeding. Sutherland on Statutory Construction, § 482, and the authorities there cited. * * *.'"

Tenant-appellee does not argue the amendment to section 562.7 expresses a legislative intent it should be applied retroactively. We find no such language. Tenant necessarily depends on establishing the amendment relates to remedy or procedure.

We are satisfied and hold section 562.7 deals only with procedure and remedy. The notice provision merely describes the means by which a landlord can terminate a farm tenancy. It in no way alters or destroys the substantive provisions of the contract which exist without regard to the statute. All it does is require notice to be given and provides for a one-year continuance of the lease if notice is not forthcoming. No rights are cut off, merely postponed.

Recent cases supporting our conclusion include, *Cipriano v. Personnel Appeal Board, R. I.*, 330 A.2d 71 (a substantive law creates, defines and regulates rights while a procedural law prescribes the methods of enforcing such rights or obtaining redress) and *Exxon Corporation v. Brecheen*, Ct.Civ. App.Tex., 519 S.W.2d 170 (Substantive law includes those rules and principles which fix and declare the primary rights of individuals as respects their person and their property, and generally the remedy available in the case of the invasion of those rights. Procedure is the machinery for carrying on a suit, including pleading, process, evidence and practice). See also 73 Am.Jur.2d, Statutes, section 354; 82 C.J.S. Statutes section 416.

The judgment and decree of the lower court is affirmed.

AFFIRMED.