Roger SCHMITZ, Plaintiff-Appellee,

v.

Rose A. SONDAG, Defendant-Appellant.

No. 2–67259.

Court of Appeals of Iowa.

April 26, 1983.

Fred Louis, Robert Kohorst, and Daniel J. Murtaugh of Louis, Moore, Kohorst, Louis, Murtaugh & Kohorst, Harlan, for defendant-appellant.

Grant E. McMartin of McMartin & Anderson, Harlan, for plaintiff-appellee.

SNELL, Judge.

Defendant-lessor appeals from declaratory judgment that a valid farm lease existed between defendant and plaintiff for the 1980 crop year, and that the lease continued for the 1981 crop year because defendant failed to give notice of termination of the lease as required by Iowa Code § 562.7

(1983). We reverse and remand for a new trial.

Plaintiff filed his petition for declaratory judgment on April 29, 1981. In it he alleged that defendant owns certain farmland that was leased to Norman Schmitz, plaintiff's brother, from 1977 to 1979. Plaintiff and his brother farmed that land together during those years, each paying one-half of the rent called for in the lease, but split up in 1980 with plaintiff farming defendant's land that year and paying the entire cash rent himself. In this way, plaintiff claimed that he became the lessee of defendant's land in 1980 and therefore had to be given notice on or before September 1, 1980, pursuant to Iowa Code § 562.7, before his lease could be terminated for 1981. Defendant gave no such notice. Nevertheless, on March 13, 1981, plaintiff was barred from further farming activities on defendant's land by her husband who claimed that plaintiff had no lease and that the land had been leased to someone else. Plaintiff requested a declaratory judgment that he was entitled to possession of the land for 1981 by reason of defendant's failure to give timely statutory notice of termination of the lease.

Defendant, in her answer, claimed that plaintiff did not have a lease with her and that the lease entered into with plaintiff's brother Norman contained a nonassignability clause. Even if plaintiff did have a lease, defendant alleged that he was not entitled to notice of termination under Iowa code § 562.7 because the last lease signed by Norman contained the following waiver of notice provision: "... and [lessee] specifically agrees that this lease shall not be extended by virtue of failure to give notice of cancellation or termination thereof." In response to plaintiff's motion to adjudicate law points concerning the effect of this notice waiver provision, the trial court ruled that it did not constitute sufficient notice of termination for purposes of § 562.7.

Trial was held before a jury, *see* Iowa R.Civ.P. 268, which returned a verdict for plaintiff. Judgment was entered on the verdict declaring that plaintiff had a valid lease for defendant's land for 1981 due to the latter's failure to give proper notice of termination of the lease under § 562.7. This appeal followed. Since the action is at law, our review is on assigned error. Iowa R.App.P. 4.

On appeal defendant asserts: (1) that there was neither an express nor an implied lease between defendant and plaintiff for the 1980 crop year; (2) that even if there were a lease for the 1980 crop year, defendant's failure to give notice of termination did not result in the lease being continued for the 1981 crop year, because one of the lease provisions waived the lessee's right to notice, and because plaintiff was estopped from asserting his right to notice by his conduct and that of his brother; and (3) that the question of the right to possession of the farm for the 1981 crop year was moot because a new tenant was in possession and had planted a crop.

■ We first address defendant's contention that the trial court erred in failing to instruct the jury on the factors necessary for the valid assignment of a lease and on the nonassignability of the particular lease in question. The written lease for the year 1980 was signed by plaintiff's brother Norman, not by plaintiff. At trial defendant and her husband both testified that plaintiff had never spoken to them about farming their land. Plaintiff presented evidence indicating the possible existence of an implied lease for 1980 by showing his past activities with Norman and defendants' alleged acquiescence in plaintiff's work on their land. We conclude that this evidence, when considered in conjunction with the pleadings, was sufficient to generate a jury question on the issues of the lease assignment. Defendant's answer stated:

### AFFIRMATIVE DEFENSES

\*     \*     \*     \*     \*     \*

2. That the purported lease is with Norman Schmitz rather than with Roger Schmitz, even if it is held to be a lease by Defendant, it is not a lease with this Plaintiff.

\*     \*     \*     \*     \*     \*

5. That the lease by its terms cannot be assigned and it was not assigned from Norman Schmitz to Roger Schmitz.

Affirmative defense # 5 refers to the following prohibition against assignment, contained on pages 1–2 of the 1979 lease:

If the second party [Norman Schmitz] ... shall assign this lease or underlet said premises or any part thereof, then this lease shall, at the election of the first party, be null and void.

■ Defendant's requested jury instructions regarding the issues of lease assignment were refused by the trial court. Defendant contends that, as a consequence of this refusal, the jury was not given an opportunity to consider the issues whether an assignment of the lease was permissible and, if so, whether the lease had been validly assigned to plaintiff. We agree. The evidence generated jury questions on these issues, and the court must instruct the jury upon issues to be decided by them. Iowa R.Civ.P. 196; *State v. Tomlinson,* 243 N.W.2d 551, 553 (Iowa 1976). "The court has the duty to instruct the jury on the law applicable to the facts as disclosed by the evidence, and must so instruct *if there is evidence admitted which supports some involved issue." State v. McConnell,* 178 N.W.2d 386, 389 (Iowa 1970) (emphasis added). We hold that the trial court erred in failing to instruct the jury on the issues of lease assignment, and we reverse and remand on this issue. To facilitate retrial of this case, we address the following additional issues.

Defendant contends that the trial court erred in finding, in its order on motion for adjudication of law points, that the language in the printed form of the lease did not constitute the notice necessary under Iowa Code Chapter 562 and in failing to properly instruct the jury on the issue of waiver of right to written notice of termination; and in improperly instructing the jury as to inadequacy of notice of termination. Iowa Code Section 562.6 provides

Where an agreement is made fixing the time of the termination of the tenancy, whether in writing or not, it shall cease at the time agreed upon, without notice. In the case of farm tenants, except mere croppers, occupying and cultivating an acreage of forty acres or more, the tenancy shall continue for the following crop year upon the same terms and conditions as the original lease unless written notice for termination is given by either party to the other, whereupon the tenancy shall terminate March 1 following; provided further, the tenancy shall not continue because of absence of notice in case there be default in the performance of the existing rental agreement.

The manner for giving the required notice to terminate the lease is provided by section 562.7:

The written notice so required shall be given as follows:

1. By delivery of notice in person on or before September 1 by one party to the other with acceptance of service thereon to be signed by the person receiving the notice, or

2. By service on either party on or before September 1 by a person in behalf of the other party, in the same manner as original notices are served, or

3. By either party sending to the other at his last known address before September 1, a notice by restricted certified mail.

Defendant claims that although this section "*would seem to require written notice on or* before September 1 from the lessor to the lessee in order to terminate a farm tenancy, it is clear that such requirement may be waived by agreement of the parties to the lease." The relevant language of the lease regarding this issue is:

The second party [lessee] covenants with the first party [lessor] that at the expiration of the term of this lease he will yield up the possession to the first party, *without further demand or notice ...* and second party specifically *waives any notice of cancellation or termination of said lease and specifically agrees that this lease shall not be extended by virtue of failure to give notice of cancellation or termination thereof.* (Emphases added).

■ Defendant cites *Denton v. Moser,* 241 N.W.2d 28 (Iowa 1976), *Laughlin v. Hall,* 236 Iowa 990, 20 N.W.2d 415 (1945), *Crittenden v. Jensen,* 231 Iowa 445, 1 N.W.2d 669 (1942), and other Iowa cases for the proposition that a farm tenancy may be terminated by agreement of the parties, by proof of estoppel, or by waiver, and that in such an event no notice is required by section 562.7. With this analysis we agree. However, in the cases cited by defendant, the statutory notice requirement was held to have been contracted away by an agreement which was entered into or by conduct which occurred *subsequent to* the entering into of the original lease. These authorities do not support defendant's conclusion that such waiver or contracting away of the statutory notice requirement can be accomplished by including a provision purporting to do so in the original lease. Such a provision would negate the very purpose of section 562.7, which is to provide some measure of stability in farm tenancies yet allow their termination by a known and certain statutory method that gives both landlord and tenant sufficient time to make new arrangements for the next crop year.

Sections 562.6 and 562.7 presumably were enacted for the benefit of the tenant, *Smith v. Coutant,* 232 Iowa 887, 895, 6 N.W.2d 421, 426 (1942), and were aimed at security of tenure. *Benschoter v. Hakes,* 232 Iowa 1354, 1364, 8 N.W.2d 481, 487 (1943). "It is our duty to construe the statutes liberally." *Dethlefs v. Carrier,* 245 Iowa 786, 790, 64 N.W.2d 272, 275 (1954).

In the case before us, defendant asks us to uphold a provision in the original lease which, in essence, nullifies the effect of section 562.7. We do not believe that the legislature intended such a result. Nor can we agree that this statutory protection for farm tenants may be so readily abrogated. We hold that plaintiff, if found to be a tenant, was entitled to notice of the lease's termination as required by Iowa Code Chapter 562.

■ Defendant also contends that the trial court erred in failing to sustain her motion to dismiss premised upon the inap-propriateness of declaratory judgment action, since a new tenant was in possession and had planted a crop. Iowa Rule of Civil Procedure 266 provides as follows: "Supplemental relief based on a declaratory judgment may be granted wherever necessary or proper. The application therefor shall be by petition in the original case." Our review of the record shows us that plaintiff made appropriate application. Defendant's argument lacks merit.

REVERSED AND REMANDED FOR A NEW TRIAL.

DONIELSON, Judge (concurring specially)

I agree that the case must be reversed. Contrary to the majority's holding, however, I would also conclude that plaintiff was not entitled to notice of termination of the lease under Iowa Code § 562.7.

Despite plaintiff's contentions regarding the mandatory nature of notice based on the public policy considerations behind § 562.7, it is clear that statutory notice is not an absolute prerequisite to the termination of a farm lease in every case. The rule of law is clearly stated in *Denton v. Moser,* 241 N.W.2d 28, 31 (Iowa 1976): " . . . a farm tenancy may be terminated by agreement of the parties, by proof of estoppel or by waiver" (citations omitted). Nothing in this rule or in the case limits its applicability to situations where the agreement or waiver occurred after the lease was entered into.

I cannot imagine a more clear example of waiver of statutory notice than the situation involved in the present case. Lessee under the 1980 lease, which status plaintiff claims here, "specifically waive[d] any notice of cancellation or termination of said lease and specifically agree[d] that this lease shall not be extended by virtue of failure to give notice of cancellation or termination thereof." I would hold that the right to receive notice of termination under § 562.7 was specifically waived by the terms of the 1980 lease and that, therefore, plaintiff was not entitled to receive such

notice and was not entitled to a declaratory judgment that he was the rightful lessee for 1981.