V. L. DODDS COMPANY, Appellee, v. CONSOLIDATED SCHOOL DISTRICT of Lamont, Appellant.

No. 42634.

NOVEMBER 19, 1935.

Roy A. Cook, for appellant.

John L. Cherney, and B. D. Silliman, for appellee.

PARSONS, J.—The plaintiff is engaged in the business of selling school and office supplies, and the defendant is a consolidated school district, organized under the laws of the state of Iowa.

On March 18, 1931, one Dopp, president of the board of directors of the school district, and purchasing agent of the district, ordered from the plaintiff a bill of goods to be shipped to the district. The goods ordered were twenty-five cases of single towels at $4.40 per case, two cases toilet tissue at $9.20 each, twenty-five cases single towels at $4.40 each, and two cases of toilet tissue at $9.20 each. The goods were to be shipped in separate lots. By ordering in this quantity instead of a single shipment there was an allowance of $17.50 made to the district; in other words, a discount. The arrangement was that the goods were to be shipped one half in March, 1931, and the other half to be shipped in August, 1932. The goods were shipped as agreed, and the district paid for the first shipment as agreed, but the last half was not paid. The defendant entered a general denial to the petition of plaintiff, then denied it had purchased the goods for delivery in August, 1932, and denied that Dopp had any authority to contract in its behalf. A jury was waived, and the case was brought to the court, and the court rendered its decision October 25, 1933, finding for the plaintiff and against the defendant for $130.53, the amount of the bill on November 22, 1932, with interest at 6 per cent from that date. The defendant excepted to the judgment and appealed to this court.

The defendant, appellant, cites in its argument, and largely relies on Burkhead v. Independent School Dist. of Independence, 107 Iowa 29, 77 N. W. 491, and Consolidated School Dist. of Glidden v. Griffin, 201 Iowa 63, 206 N. W. 86. In the Burkhead case, the plaintiff therein was employed April 5, 1893, by the board of directors of the Independent School District for a period of five years, at an annual salary of $1,500, payable in monthly installments, the contract saying, ''to perform all the

duties of superintendent and teacher required of him by law, and the rules and regulations of the board, established for the government of said schools." He rendered the services for three years, and in his petition alleged he was ready and willing to perform the duty of superintendent and teach in pursuance of the contract, but the defendant, though no charges had been made against him, refused to allow him so to do. That no salary had been paid him for any part of the year begining with September, 1896, and ending with June, 1897. The defendant demurred; the only ground of which is necessary to notice here is "the board of directors was without authority to employ a teacher for a period of five years." The district court sustained the demurrer. Plaintiff elected to stand on the ruling, and judgment was entered dismissing the petition. In an opinion written by Judge Ladd, the court said:

"The important question, however, is whether the board of directors had the authority to employ a teacher or superintendent for a period of five years. Our statutes are silent as to the duration of such contracts, and a limitation of the length of time a teacher may be engaged to teach in the public schools." It further said, "the board of directors represents the district,—from a legal standpoint, is the district. It is a continuing body. The officers change, but the corporation continues unchanged. The contracts are of the corporation, and not of the members of the board individually," citing a line of authorities. It then says, "section 2773 of the Code authorizes the board of directors to 'designate the period each school shall be held beyond the time required by law.' That time is 24 weeks of 5 school days each in each school year commencing the third Monday in March, unless the county superintendent shall authorize shortening this period."

It then goes on to say that as the time school is to be taught cannot be known in advance, it would be impossible for the teacher or board to fairly contract. It then points out that the electors are empowered to determine what additional branches shall be taught during the following year, and the board is authorized to prescribe a full course of study for the school. It then points out, How shall it be ascertained several years in advance, whether the teacher employed will be competent to instruct in branches which may be prescribed by the electors or

the board? It then calls attention that not exceeding $15 per year for each pupil may be raised for teacher's fund. How shall it be known whether the fund to be raised will be sufficient to compensate the teacher according to his contract for a longer period than one year? If it were intended that employment might be made for a longer time than a school year, why thus limit the certificate and the teacher's fund? So he concludes the opinion by saying:

"We think that an examination of the statutes leads to the inevitable conclusion that the legislature intended such contracts to be limited in duration to the school year as determined by the board of directors."

So this case is only an authority for limiting time for which the teachers may be employed, and not for limiting the corporation in the ordinary conduct of its business.

After the change in the statute to read as it does in section 4230 of the Code, as to the employment of a teacher for certain districts, it is provided that after having served at least seven months he may be employed for a term not to exceed three years.

In Independent School Dist. v. Pennington, 181 Iowa 933, 165 N. W. 209, it was held that a board of directors has no power to employ a teacher under a contract for services wholly to be performed during the period of the succeeding board; that it was not permissible under the law for an outgoing board to thus tie the hands of its successor, regarding the hiring of a teacher. The court therein says:

"An examination of the statutes leads to the inevitable conclusion that the legislature intended such contracts to be limited in duration to the school year as determined by the board of directors."

In this language, the court was speaking of contracts for hiring teachers, and that is what it meant when it says "in such contracts."

■■■ The contract involved in this suit is entirely outside the employment of teachers. It goes into the general powers of the corporation, and the right of the board of directors to contract in reference thereto. It was held in Dubuque Female College v. Dubuque Dist. Tp., 13 Iowa 555, that a school board may bind its successors by a lease of a building for a school, even

though the lease was entered into subsequent to the election of their successor. The opinion in Burkhead case, 107 Iowa 29, 77 N. W. 491, heretofore quoted from, holds that the officers change, but the corporation continues unchanged. The contracts are of the corporation and not of the members of the board individually, and it is not essential that contracts be limited to the terms of office of the individuals making up the board.

In First Nat. Bank v. Emmetsburg, 157 Iowa 555, 566, 138 N. W. 451, 455, L. R. A. 1915A, 982, the opinion of Judge Sherwin points out that:

" 'A city has two classes of power—the one legislative, public, governmental, in the exercise of which it is the sovereignty and governs its people; the other, proprietary, quasi private, conferred upon it, not for the purpose of governing its people, but for the private advantage of the inhabitants of the city and of the city itself as a legal personality. In the exercise of the powers of the former class, it is governed by the rule here invoked. In their exercise it is ruling its people, and is bound to transmit its powers of government to its successive sets of officers unimpaired. But in the exercise of the powers of the latter class, it is controlled by no such rule, because it is acting and contracting for the private benefit of itself and inhabitants, and it may exercise the business powers conferred upon it in the same way, and in their exercise it is to be governed by the same rules that govern a private individual or corporation.'

"Illinois Trust & Savings Bank v. City of Arkansas, 76 F. 271, 22 C. C. A. 171, 34 L. R. A. 518; Southern Bell Tel. Co. v. City of Mobile (C. C.) 162 F. 523; City of Winona v. Botzet, 169 F. [321] 322, 94 C. C. A. 563, 23 L. R. A. (N. S.) 204. The dual character of municipal corporations has already been distinctly recognized by this court, and we have in effect, at least, directly adopted the rule stated in the quotation from the Illinois Savings Bank case. State v. Barker, 116 Iowa 96, 89 N. W. 204, 57 L. R. A. 244, 93 Am. St. Rep. 222, and cases there cited. But the last-cited case does not stand alone among our decisions as a recognition of the rule."

▮▮▮ In the construction of contracts, the primary rule is "that the court must, if possible, ascertain and give effect to the mutual intention of the parties, and that it must be construed in the light of the circumstances surrounding them at the time

it is made, and that where parties to a contract have given it a practical construction by their conduct, as by acts in partial performance, such construction is entitled to great, if not controlling weight in determining its proper interpretation'', citing 13 C. J. Contracts, par. 482, note 18, p. 521; par. 514, note 30, p. 542; par. 517, note 54, p. 546. So of course contracts of the character involved in this case have to be reasonable. And in the absence of the showing of it being unreasonable, the courts will not presume it so. This case having been submitted to the lower court without a jury, the findings of the court stand as the verdict of a jury, if there is any evidence whatever to support it, and there is evidence here from which the court could find that Dopp was the purchasing agent of the defendant; that the district entered into the contract involved in this action; that it is a reasonable contract; that it is partly performed, and the court having so found, we have no right to disturb it. The decision of the lower court is therefore affirmed.—Affirmed.

KINTZINGER, C. J., and POWERS, MITCHELL, HAMILTON, DONEGAN, ALBERT, and RICHARDS, JJ., concur.