**GENDLER STONE PRODUCTS CO., Inc.,**
**Appellant,**

v.

**Rex LAUB and Gladys M. Laub, Appellees.**

**No. 54160.**

Supreme Court of Iowa.

Sept. 24, 1970.
Rehearing Denied Nov. 9, 1970.

S. David Peshkin, of Peshkin & Robinson, Des Moines, for appellant.

Davidson & Hemphill, Clarinda, and Wilson & Wilson, Shenandoah, for appellees.

MOORE, Chief Justice.

This appeal is from a judgment of the trial court interpreting a lease and an addendum thereto and finding plaintiff in default of payment of its 1969 advance royalty to defendants under the terms thereof. We reverse.

Plaintiff's petition in equity asked the trial court to find, (1) the limestone and gravel lease, dated June 16, 1958 and the addendum thereto dated April 22, 1969 to be in full force and effect, (2) the notice of cancellation and termination served by defendants be held null and void and (3) plaintiff entitled to an order restraining defendants from doing anything which might interfere with plaintiff's rights under the terms of the lease.

The cause was submitted to the trial court on a stipulation of facts where adverse rulings against each of plaintiff's claims were made. They constitute plaintiff's three propositions which are here assigned for a reversal.

The original lease, a limestone and gravel lease of real estate, was for a term of 20 years, to commence on the date of its execution, June 16, 1958. The lessors were Ira Dale Laub and Dollie v. Laub. The lessee was Herman E. Snater. His attorney prepared the original lease. The record does not disclose who prepared the addendum. The lease required the lessee to pay the lessors a royalty of ten cents per unit of sale, being either a ton or cubic yard for all limestone and gravel removed from the premises of the lessors and marketed. The lease provided if any royalty or rental in lieu thereof be not paid within 30 days after the due date lessors might terminate the lease by giving lessee written notice of termination within 15 days after the end of said 30-day period.

Our concern here is with item 4(c) of the original lease as changed, altered or modified by the terms of the addendum. Item 4(c) of the original lease provided:

"For each lease year in which Lessee does not mine, quarry, or market limestone or gravel from deposits on the land aforesaid for a period of nine consecutive calendar months or more, Lessee shall pay Lessor an annual rental of $100.00. Such rental shall be in lieu of mining, quarrying, marketing, and royalty, and each of them. Such rental shall not be deducted from royalty. A lease year begins on the date hereof and on each anniversary of such date. The rental shall not be payable for the period of exploration and prospecting. The annual rental shall be due for any lease year, for which it may be payable thirty (30) days after the end thereof."

On April 22, 1959, a little more than ten months following the execution of the original lease the parties thereto entered into an agreement which they categorized as an addenda, the pertinent provisions of which are:

"It is mutually agreed:

"1. That provision contained in the original lease under Paragraph numbered Four (4), (c) providing for annual rental of One Hundred Dollars ($100.00) per year for each year in which the Lessee does not mine, quarry, or market limestone or gravel is stricken from such lease.

"2. In substitution thereof, it is agreed that Herman E. Snater as Lessee, or his assigns, will pay the sum of One Thousand Dollars ($1000.00) per year, starting this date, as advance royalty to the lessors until such time as limestone is quarried from said premises for commercial use and royalty paid therefor, at which time first royalties will be applied against such $1000.00 per year advance payments."

On October 22, 1963 Snater assigned all his interest in the lease to Schildberg Construction Company, Inc. On May 15, 1964 Schildberg assigned to Annette Gendler Isaacson and Everett Gendler who eleven days later assigned said lease to

Gendler Stone Products Co., Inc., plaintiff herein. Defendants are the successors in interest to the original lessors. When they became so is not shown by the record.

The parties' stipulation submitted to the trial court includes:

"9. That payments by the Lessees to the Lessors of advance royalties pursuant to Paragraph 2 of the Addenda to Lease dated April 22, 1959, as substituted for Paragraph 4(c) of the Lease, were made as follows:

April 22, 1959 – $1,000.00
April 21, 1960 – $1,000.00
April 20, 1961 – $1,000.00   (Two payments
June 8,   1961 – $1,000.00    made in 1961;
June 19, 1963 – $1,000.00    none in 1962)
June 15, 1964 – $1,000.00
June 16, 1965 – $1,000.00
July 9,   1966 – $1,000.00
June 15, 1967 – $1,000.00
June 17, 1968 – $1,000.00

Postmarked – Aug. 1, 1969 – $1,000.00

"10. On August 1, 1969, Plaintiff (Lessee) mailed and postmarked by ordinary mail to Defendant the check referred to in Paragraph 9 above in the amount of $1,000.00 in payment of the advance royalty required under the terms of numbered paragraph 2 of the Addenda to Lease.

"11. That Defendants (Lessors) received the check referred to in Paragraph 10 above on August 2, 1969.

"12. That on the 1st day of August, 1969, Plaintiff (Lessees) received the Notice of Cancellation and Termination by registered mail, notifying Plaintiff that the Defendants (Lessors) did hereby cancel and terminate the Limestone and Gravel Lease and Addenda thereto; that said Notice of Cancellation and Termination is marked Exhibit 'C' attached hereto and by this reference made a part of this Statement of Facts, and was mailed and postmarked July 31, 1969.

"13. That on the 5th day of August, 1969, the Plaintiff (Lessees) received back from the Defendants (Lessors) by certified mail the check in the amount of $1,-000.00 which Plaintiff heretofore sent to Defendants on August 1, 1969, and received by the Defendants August 2, 1969.

"14. That the check referred to in Paragraph 11 and 12 in the amount of $1,000.00 was tendered by the Plaintiff and deposited with the Clerk of the above named Court at the time the Petition was filed in this matter pending the determination of this cause by the Court."

I. This cause being in equity our review is de novo. Rule 334, Rules of Civil Procedure. Credibility of witnesses is not involved as all facts were stipulated. The primary problem presented is the proper interpretation of the lease and addendum. The thrust of plaintiff's contention is the due date of advance royalty payments is April 22. Defendants assert that date is June 16. Each argues conduct of the parties supports their respective claims.

II. When the court is asked to interpret a contract which the parties made for themselves the object is to ascertain the meaning and intention of the parties as expressed in the language used.

We have said that in determining the actual significance and proper legal meaning of the agreement, extrinsic evidence throwing light on the situation of the parties, the antecedent negotiations, the attendant circumstances and the objects the parties were striving to attain is necessarily regarded as relevant. See Hamilton v. Wosepka, 261 Iowa 299, 306–307, 154 N.W.2d 164, 168–169.

Here the stipulated facts did not bear on these factors. In these circumstances it is the court's duty to give effect to the language of the entire contract in accordance with its commonly accepted and ordinary meaning, and not make a new contract for the parties by arbitrary judicial construction. We will not resort to rules of construction where we thus find the intent of the parties is expressed in

clear and unambiguous language. Bruhl v. Thul, 257 Iowa 889, 892–893, 134 N.W. 2d 571, 573–574, and citations.

III. Ambiguity may be said to appear when, after the application of pertinent rules of interpretation to the face of the instrument, a genuine uncertainty results as to which one of two or more meanings is the proper one. Morris Plan Co. v. Bingham F. & Gr. Co., 259 Iowa 404, 415, 143 N.W.2d 404, 412, and citations.

IV. Strong support for a conclusion the intent of the parties is here clearly expressed in the language used in the addendum dated April 22, 1959 which includes: "It is agreed that Herman E. Snater as Lessee, or his assigns, will pay the sum of One Thousand Dollars ($1000.00) per year starting this date. * * *." The original lease is dated June 16, 1958 to cover a 20 year period. When the addendum is read in context with the original lease there is basis for a finding some uncertainty exists as to due date for payment of advance royalties. We therefore apply the applicable rules of interpretation to determine the intention of the parties.

V. Plaintiff and defendants both rely on "course of conduct" arguments to support their respective interpretations of the lease and the addendum. The rule to which they refer is thus stated in Dodds v. Consolidated School Dist., 220 Iowa 812, 816, 817, 263 N.W. 522, 524: "In the construction of contracts, the primary rule is that the court must, if possible, ascertain and give effect to the mutual intention of the parties, and that it must be construed in the light of the circumstances surrounding them at the time it is made, and that where parties to a contract have given it a practical construction by their conduct, as by acts in partial performance, such construction is entitled to great, if not controlling weight in determining its proper interpretation."

It is our conclusion the course of conduct of the parties to the lease and addendum must be given great weight. The Lessee Snater on April 22, 1959 paid and the lessors, Ira Dale Laub and Dollie V. Laub, received $1000 as advance royalty. This is within the provisions of the addendum. Subsequent such payments were made and received by the makers of the lease and addendum on April 21, 1960 and again on April 20, 1961. This conduct negatives an intent payment was to be made on the date of the original lease.

As noted in the stipulation a second $1000 payment was made in 1961, on June 8, 1961. No payment was made in 1962 but each year thereafter the payments were made in June or July. Most of these payments were made by assignees of the original lessee. The record is silent as to when defendants became the successors to the original lessors. The conduct of the assignees is of no value in determining the intention of the original makers.

We hold the intention of the makers of the original lease as changed by the addendum was that the due date of the annual $1000 advance royalties payment was April 22. We disagree with the trial court's finding that date was the date of the original lease, June 16.

VI. Plaintiff's second assigned proposition is the trial court erred in holding the notice of cancellation and termination was within the 45-day period specified in the lease. That notice, Exhibit C, was given under the provision of the lease, "If any royalty or rental in lieu thereof shall not be paid within thirty (30) days after the due date thereof, Lessor may terminate this Lease by giving Lessee written notice of termination within fifteen (15) days after the end of said thirty (30) day period."

As stated in defendants' brief, "The sole question is one of contractual termination". The parties may, and frequently do, include in leases certain provisions giving an election and method for cancellation. Termination, of course, can be made contractual. Crittenden v. Jen-

sen, 231 Iowa 445, 447, 1 N.W.2d 669, 670; Martinez v. Rocky Mountain & S. F. Ry. Co., 39 N.M. 377, 47 P.2d 903, 904; 49 Am.Jur.2d, Landlord and Tenant, sections 998 and 1020.

As we have found April 22 the due date for annual payment of advance royalty it necessarily follows the termination notice, Exhibit C, was not within the 45-day contractual period for giving thereof. The termination notice was of no force or effect.

VII. Our holdings on plaintiff's first two propositions necessitate the conclusion plaintiff should be granted the injunctive relief sought.

The judgment is reversed. This cause is remanded to the trial court for entry of a judgment and decree consistent with our holdings set out herein.

Reversed and remanded.

STUART, MASON, RAWLINGS, Le-GRAND and UHLENHOPP, JJ., concur.

REES, LARSON and BECKER, JJ., dissent.

REES, Justice (dissenting).

I must respectfully dissent.

The conclusion of the majority that the phrase "starting this date" is referable to the date April 22, 1959, is reached when and only when the addendum to the lease is read as an isolated instrument separate from the original lease. Irrespective of the fact that the supplemental instrument characterized as an addendum was executed some ten months subsequent to the date of the execution of the original lease, it by its very terms provided that the only pur-pose and sole intent of the parties in executing the supplemental instrument was to change the annual rental from $100 per year to $1000 per year. It does not provide for any change in the lease term, that is to say, the period for which the rental arrangement was to continue. The original lease was for a period of 20 years, to commence on the date of the execution of the original lease, June 16, 1958. The effect of the majority's view is to bring about a' result which is both uncontemplated by the parties and unreasonable. By way of illustration: if the plaintiffs were to pay $1000 as advance royalties on April 22, 1977, this would cover a period up to and including April 22, 1978, but under the duration clause of the original lease the relationship of the parties arising thereunder expires on June 16, 1978, approximately two months later. The parties therefore would be faced with a two-months' hiatus they in no way intended, and which the lease and its addendum do not contemplate.

I feel that by giving to the operative language of the original contract and the supplemental instrument (the addendum) its plain and ordinary meaning, and interpreting both instruments in the context in which the phraseology of both instruments is used, that the phrase "starting this date" must refer to the date of the original instrument, bearing in mind the fact that the obvious intendment of the parties was only to insert in lieu of paragraph 4(c) of the original lease the paragraph appearing in the addendum. To me this is the obvious intent of the parties.

I would affirm the trial court.

LARSON and BECKER, JJ., join in this dissent.